NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4016-15T4

PEG LEG WEBB, LLC,

 Petitioner-Appellant,

v.

NEW JERSEY PINELANDS
COMMISSION,

 Respondent-Respondent.

______________________________________________

 Submitted September 11, 2017 – Decided October 11, 2017

 Before Judges Messano and O'Connor.

 On appeal from New Jersey Pinelands
 Commission, Docket No. 1984-0454.003.

 Gasiorowski & Holobinko attorneys for
 appellant (Mr. R.S. Gasiorowski, on the
 brief).

 Christopher S. Porrino, Attorney General,
 attorney for respondent (Melissa Dutton
 Schaffer, Assistant Attorney General, of
 counsel; Timothy P. Malone, Deputy Attorney
 General, on the brief).

PER CURIAM
 The Jackson Township Planning Board granted preliminary

site plan approval on the application of petitioner Peg Leg

Webb, LLC to build a resource extraction facility on its

property. Respondent New Jersey Pinelands Commission (the

Commission) "called up" or challenged that approval. An

Administrative Law Judge approved the Commission's action and in

its final decision, the Commission adopted the ALJ's decision.

Petitioner appeals from the Commission's final decision. We

affirm.

 I

 A

 In 1978, Congress established the Pinelands National

Reserve (Pinelands) in order to protect the ecology within the

Pinelands. See Gardner v. N.J. Pinelands Comm'n, 125 N.J. 193,

198-200 (1991). The New Jersey Legislature enacted the

Pinelands Protection Act (Act), N.J.S.A. 13:18A-1 to -29, which

created the Pinelands Commission to regulate all development

activity within the Pinelands. N.J.S.A. 13:18A-4 to -9, -27,

-29; N.J.A.C. 7:50-8.1. The Commission is a political

subdivision of the State. N.J.S.A. 13:18A-4l.

 As mandated by the National Parks and Recreation Act of

1978, 16 U.S.C. § 471i, the Commission developed a Comprehensive

Management Plan (CMP or Plan), which is a set of regulations
 2
 A-4016-15T4
that provide the minimum standards for development within the

Pinelands. See N.J.A.C. 7:50-1.1 to -7:50-10.35. The objective

of the CMP is "to promote orderly development of the Pinelands

so as to preserve and protect the significant and unique

natural, ecological, agricultural, archaeological, historical,

scenic, cultural and recreational resources." N.J.A.C. 7:50-

1.3. The Commission "bears the ultimate responsibility for

implementing and enforcing the provisions of the [Act and the

CMP]." N.J.A.C. 7:50-1.11.

 No development can be approved within the Pinelands unless

it conforms with the CMP.1 In fact, it "shall be unlawful for

any person to carry out any development in the Pinelands Area

which does not conform to the minimum standards of [the] Plan."

N.J.A.C. 7:50-1.4. Although the Commission retains the ultimate

responsibility for enforcing the Act and the CMP, see N.J.A.C.

7:50-1.11, the Commission designated local governments as the

"principal management entities" of the CMP. N.J.A.C. 7:50-

3.1(a).

1
 The Commission is authorized to waive strict compliance if
such waiver is necessary to alleviate extraordinary hardship or
to satisfy a compelling public need, is consistent with the
purposes of the enabling legislation, and would not result in
substantial impairment of the resources of the Pinelands.
N.J.S.A. 13:18A-10(c).

 3
 A-4016-15T4
 Consistent with this task, local governments are not

permitted to approve any application for development within the

Pinelands that does not conform to the provisions of the CMP.

N.J.S.A. 13:18A-10. In addition, each municipality with

jurisdiction over land located within the Pinelands must ensure

its ordinances conform to the minimum standards set forth in the

CMP. N.J.A.C. 7:50-3.31. Moreover, the Commission must review

such ordinances and certify those that are in compliance with

the Plan. N.J.A.C. 7:50-3.1.

 A municipality may grant an approval for development for

any area in the municipality that is in the Pinelands, provided

such approval is in "strict conformance" with the CMP and the

certified ordinance. N.J.A.C. 7:50-3.38. If a municipality

amends an ordinance, it shall not go into effect until the

Commission either certifies the ordinance or determines the

amendment does not affect its prior certification. N.J.A.C.

7:50-3.45(a). Further, no development is permitted in the

Pinelands unless the municipality's approval of the development

plan is reviewed by the Commission and found to be in

conformance with the CMP. N.J.S.A. 13:18A-10(c); N.J.A.C. 7:50-

4.2.

 Briefly, the commission's executive director reviews an

application for development and, if the application is complete,
 4
 A-4016-15T4
issues a certificate of filing. At that point, an applicant may

file and a municipality may consider an application for

development. If a municipality approves a preliminary site

plan, the municipality must notify the Commission. N.J.A.C.

7:50-4.35(d).

 The executive director then reviews the preliminary site

plan. N.J.A.C. 7:50-4.37(a), -4.38(a), and -4.40(a). If the

"the grant of preliminary approval raises substantial issues

with respect to the conformance of the proposed development with

the minimum standards of [the] Plan", the executive director

shall "call up" the municipality's approval for a review by the

Commission. N.J.A.C. 7:50-4.37(a), -4.38(a); see also Matter of

Petition of South Jersey Gas Co., 447 N.J. Super. 459, 476 (App.

Div. 2016). If the Commission disapproves of a preliminary

approval, the municipality must revoke such approval and deny

the application. N.J.A.C. 7:50-4.38 (d)(1).

 B

 The facts are undisputed. In 2003, a task force within

the Commission recommended portions of Jackson Township be

rezoned from "Rural Development" (RD) to "Forest Area" (FA).

Resource extraction operations are not permitted in the FA zone

but are permitted, as a conditional use, in the RD zone.

 5
 A-4016-15T4
 Consistent with the task force's recommendation, in 2005,

Jackson Township adopted zoning ordinance 06-05, which rezoned

certain property within the municipality from RD to FA. The

property that was rezoned is also located in the Pinelands. The

Commission subsequently certified this ordinance as conforming

to the CMP; this action was not appealed.

 The owner of certain property rezoned as FA filed an action

in lieu of prerogative writs in the Law Division, challenging

the rezoning of his property from RD to FA. The Commission was

not a party to this action. While that matter was pending in

the Law Division, in 2006, petitioner acquired the property. In

2007, the court found the ordinance procedurally defective as

applied to such property, invalidating the rezoning of such

property from RD to FA.

 Specifically, the court found petitioner's predecessor in

interest had not been afforded notice of the proposal to rezone

his property, and the Jackson Township Planning Board (Planning

Board) had not properly considered whether the rezoning of such

property was substantially consistent with the municipality's

master plan, see N.J.S.A. 40:55D-62. The court ordered the

municipality and its Planning Board to determine whether to

rezone the property and, if they determined to do so, to provide

proper notice to all interested parties. The municipality did
 6
 A-4016-15T4
not take any action until 2013, when it adopted ordinance 14-13,

which readopted ordinance 06-05. In the interim, the local

zoning map continued to show the property was in the FA zone.

 In 2009, petitioner, determined to build a resource

extraction facility on its property, provided the Commission

with a copy of the application it intended to file with the

Planning Board for site plan approval. The Commission issued a

certificate of filing, but advised petitioner the property on

which it planned to build the extraction resource operation was

in the Forest Area of the Pinelands and was not a permitted use.

 Notwithstanding, in 2011, petitioner submitted an

application for preliminary major site plan approval for the

proposed operation to the Planning Board. In 2012, the Planning

Board, which assumed the property was in the RD zone as a result

of the court's decision, granted preliminary approval. However,

the Planning Board conditioned its approval upon petitioner not

receiving a call up letter from the Commission.

 The executive director promptly reviewed and determined to

call up the approval, notifying petitioner the approval raised

substantial issues whether the proposed operation conformed to

the CMP, and further advised the Commission would be reviewing

the proposed development. Petitioner requested a hearing, and

 7
 A-4016-15T4
the matter was transferred to the Office of Administrative Law

and assigned to an ALJ.

 After the parties filed competing motions for summary

decision, the ALJ issued an initial decision finding in favor of

the Commission. In a lengthy opinion, the Commission adopted

the ALJ's initial decision, finding the executive director's

determination to call up the preliminary approval was correct

because the approval raised substantial issues about the

approval's conformance with the CMP.

 Citing N.J.S.A. 13:18A-10(c), the Commission concluded the

executive director's determination was governed by the CMP and

not a local ordinance, which cannot modify the CMP. The

Commission further observed the "land capability map," which

depicts the different areas of land use within the Pinelands and

is deemed part of the CMP, cannot be altered except in

accordance with the regulations governing the Pinelands, which

did not occur in this matter.

 The Commission acknowledged the court's decision

invalidated ordinance 06-05, but determined such decision did

not change the designation of the subject property from RD to FA

on the CMP's land capability map. Accordingly, the Commission

continued to recognize the subject area as being in the FA zone.

 8
 A-4016-15T4
 Further, as the ordinance was inconsistent with the land

capability map, the court's invalidation of 06-05 put the

municipality out of compliance with the CMP. Thus, the

municipality was obligated to take the steps necessary to

correct its non-compliance by either passing an ordinance

readopting 06-05 or applying to the Commission for certification

of the ordinance that governed the subject property before 06-05

was adopted.

 In conclusion, because the subject property was within the

Forest Area of the land capability map and resource extraction

operations are not a permitted use in such area, the Commission

found the executive director correctly determined the

municipality's preliminary approval of the proposed site plan

did not conform to the minimum standards of the CMP. The

director was required to determine whether a municipality's

approval is in compliance with the CMP, not a local ordinance.

Thus, it was appropriate for the executive director to find the

municipality's preliminary approval "raised substantial issues

whether the proposed operation conformed to the CMP," and to

refer the matter to the Commission for review of the proposed

development.

 9
 A-4016-15T4
 II

 On appeal, petitioner's principal contention is the subject

property was, by virtue of the court's decision, in the RD zone

when petitioner submitted and the municipality issued its

preliminary approval for the application, because the ordinance

in effect after 06-05 was invalidated put the subject property

in this zone. Thus, petitioner maintains, it was improper for

the executive director to call up the municipality's approval.

 In support of its premise, petitioner relies upon N.J.S.A.

40:55D-10.5 of the Municipal Land Use Law (MLUL), N.J.S.A.

40:55D-1 to -163. N.J.S.A. 40:55D-10.5 provides:

 Notwithstanding any provision of law to the
 contrary, those development regulations
 which are in effect on the date of
 submission of an application for development
 shall govern the review of that application
 for development and any decision made with
 regard to that application for development.
 Any provisions of an ordinance, except those
 relating to health and public safety, that
 are adopted subsequent to the date of
 submission of an application for
 development, shall not be applicable to that
 application for development.

 [Ibid.]

 Our role in reviewing an administrative agency's decision

is limited. Pub. Serv. Elec. & Gas Co. v. N.J. Dep't of Envtl.

Prot., 101 N.J. 95, 103 (1985). We will not reverse the

agency's decision unless: (1) it was arbitrary, capricious, or
 10
 A-4016-15T4
unreasonable; (2) it violated express or implied legislative

policies; (3) it offended the State or Federal Constitution; or

(4) the findings upon which the decision was based were not

supported by substantial, credible evidence in the record.

Univ. Cottage Club of Princeton N.J. Corp. v. N.J. Dep't of

Envtl. Prot., 191 N.J. 38, 48-49 (2007).

 Having considered the record and petitioner's arguments on

appeal, we affirm the Commission's final decision essentially

for the same reasons set forth in its thorough and comprehensive

opinion. R. 2:11-3(e)(1)(D). We make only the following brief

comments.

 Our Legislature has made clear the Act and the regulations

promulgated under it supersede the MLUL. See N.J.S.A. 13:18A-

27; see also Uncle v. N.J. Pinelands Comm'n, 275 N.J. Super. 82,

90 (App. Div. 1994). To the extent the Act and these

regulations are inconsistent with the MLUL, the former prevail.

Petitioner argues its property was in the RD zone when it

submitted and the Planning Board issued its decision on

application. However, that ordinance was not in compliance with

the CMP, and the CMP trumps the ordinance. Therefore, it was

appropriate for the executive director to call up the

municipality's approval of petitioner's application.

 11
 A-4016-15T4
 We have considered petitioner's remaining arguments and

conclude they are without sufficient merit to warrant discussion

in a written opinion. R. 2:11-3(e)(1)(E).

 Affirmed.

 12
 A-4016-15T4